# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:4CR00018-002 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KAREN DENISE ESKRIDGE**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Karen Denise Eskridge, Pro Se Defendant.*

The defendant, a federal inmate, was sentenced by this court on August 30, 2004, to 210 months imprisonment after convictions of drug offenses.[1] Shortly prior to the imposition of the original federal sentence, the defendant was sentenced by a Virginia state court to two years imprisonment for violation of probation, following an original conviction for shoplifting. She asserts that the violation of her state probation was for the same conduct that resulted in her federal convictions. The state has filed a detainer with the federal prison authorities, indicating that the defendant will serve her two-year state sentence once she competes her federal sentence.

---

[1] Her sentenced was reduced on April 19, 2006, to ninety-four months imprisonment, based on a motion by the government.

The defendant has now filed a pro se "Motion for Concurrent Sentences," requesting that the court order the state and federal sentences to run concurrently.

This court does not have the authority to direct the state authorities to run the defendant's state sentence concurrently with her current federal imprisonment. Moreover, this court does not have the power at this point to reduce the defendant's federal sentence so as to give her credit for the future undischarged state sentence.[2]

For these reasons, it is **ORDERED** that the Motion for Concurrent Sentencing (Dkt. No. 98) is DENIED.

The clerk will send a copy of this Opinion and Order to the defendant at her place of confinement.

ENTER: October 31, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] Even if I did have such power, however, concurrent sentences in such situations are not favored. *See* U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(C) (2007) (recommending that where a defendant was on state or federal probation at the time of the federal offense and has had such probation revoked, the federal sentence should run consecutively and not concurrently).